## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT ODELL DAVIS, | ) | |
| Plaintiff, | ) | Civil Action No. 16-97E |
| | ) | |
| v. | ) | District Judge Rothstein |
| | ) | |
| SCI FOREST MEDICAL STAFF | ) | |
| AND GUARDS, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is recommended that the instant action be dismissed due to Plaintiff's failure to prosecute.  The Clerk of Courts should be directed to terminate all pending motions and to close this case.

### II.     REPORT

This civil rights action was filed in this Court on May 3, 2016.

By Memorandum Order dated July 13, 2016, Plaintiff was directed to file an amended complaint due to several deficiencies in his complaint. Plaintiff was also directed to provide USM285 forms for all named Defendants. Plaintiff was required to do these things by August 1, 2016, or risk dismissal of this action for failure to prosecute. ECF No. 17.

On July 25, 2016, Plaintiff filed an amended complaint. However, the amended complaint was less than a half-page in length and suffered from all the same deficiencies of the preceding complaints (namely that Plaintiff did not indicate who did what and it was not clear

1

who Plaintiff intended to name as Defendants). Plaintiff also failed to provide the USM285 forms. By Order dated August 19, 2016, Plaintiff was directed to show cause for his failure to comply with the July 13, 2016 order before September 2, 2016, or risk dismissal of this action for failure to prosecute. ECF No. 20. Plaintiff failed to comply.

Finally, by Order dated September 9, 2016, this Court directed Plaintiff to file the amended complaint and submit the USM285 forms by September 23, 2016, or risk dismissal for failure to prosecute. ECF No. 22. As of today's date, Plaintiff has failed to comply.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. This case is several months old, yet Plaintiff has not taken the initial steps necessary to prosecute his case. Without Plaintiff's filing of an amended complaint and submission of USM285 forms, this case cannot proceed. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.

2

Although it is possible that Plaintiff's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.  Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.

## III.    CONCLUSION

It is respectfully recommended that the instant action be dismissed due to Plaintiff's failure to prosecute.  The Clerk of Courts should be directed to terminate all pending motions and to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen days.  Any party opposing the objections shall have fourteen days to respond thereto. See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 24, 2016